# Exhibit G

## EXHIBIT G

## UNJUST ENRICHMENT CLAIMS: STATE BY STATE COMPARISON

### I. SUMMARY

There are basically the following three different approaches taken by the states to unjust enrichment claims:

1) **Restitution:** The majority of the states, 37 in all, along with the District of Columbus, follow a restitution approach where a plaintiff must show that a defendant accepted and used a benefit bestowed upon the defendant by the plaintiff, which benefit would be inequitable to retain.

2) **Restitution and no adequate remedy at law based on contract:** Seven states (Arkansas, Arizona, Delaware, Georgia, Louisiana, North Dakota, and North Carolina) follow the same restitution approach, but also require that there be no adequate remedy at law based on.

3) **Wrongful acts:** Six states (Alabama, Nebraska, Texas, West Virginia, Montana, and New Hampshire) follow a much broader wrongful conduct approach where plaintiff must show that the defendant benefitted from the plaintiff by fraud, duress, or taking undue advantage, and as to the last two states, merely engaged in misconduct or wrongful acts.

### II. MAJORITY APPROACH: RESTITUTION OF BENEFIT RECEIVED

**Elements:**
1. A benefit conferred upon the defendant by the plaintiff;
2. An appreciation or knowledge by the defendant of the benefit; and
3. The acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value.

Alternate wording of same elements:
1. The plaintiff conferred a benefit on the defendant, who has knowledge of the benefit.
2. The defendant accepts and retains the conferred benefit.
3. Under the circumstances it would be inequitable for the defendant to retain the benefit.

Note: A few states also mention that the benefit must be at the expense (or impoverishment) of the plaintiff. These are generally noted below, but are not separated since that requirement may be implied in the first element that the plaintiff has conferred a benefit on the defendant.

**States:**
1. Alaska:         30 P.3d 101 (Alaska 2001)
2. California:     107 Cal.App.4th 708 (Cal.App. 2003)
3. Colorado:       996 P.2d 1263 (Colo. 2000)
4. Connecticut:    72 Conn.App. 779 (Conn.App. 2002)
5. Florida:        818 So.2d 609 (Fla.App. 2002
6. Hawaii:         67 Haw. 626 (Haw 1985)
7. Idaho:          136 Idaho 905 (Idaho 2002)
8. Illinois:       131 Ill.2d 145, (Illinois 1989)
9. Indiana:        573 N.E.2d 398 (Indiana 1991)
10. Iowa:          637 N.W.2d 142 (Iowa, 2001)
11. Kansas:        259 Kan. 166, (Kan., 1996)
12. Kentucky:      769 S.W.2d 64, (Ky.App., 1989)
13. Maine:         760 A.2d 1041, (Me., 2000)
14. Maryland:      360 Md. 142, (Md., 2000)
15. Massachusetts: 44 Mass.App.Ct. 537, (Mass.App.Ct., 1998)
16. Michigan       509 N.W.2d 791 (Mich. App. 1993)
17. Minnesota      383 N.W.2d 416 (Minn. App. 1986)
18. Mississippi    781 So.2d 919 (Miss. App. 2001)
19. Missouri       2003 WL 21384625 (Mo. App. June 17, 2003)
20. Nevada         839 P.2d 606 (Nev. 1992)
21. New Jersey:    677 A.2d 747 (N.J. Supr. 1996)
22. New Mexico     612 P.2d 1343 (N.M. App. 1982)
23. New York 2003 WL42106 (N.Y Civ. Ct Jan. 2, 2003)
24. Ohio           2003 WL2160806 (Ohio App. May 9, 2003)
25. Oklahoma       929 P.2d 288 (Okla. App. 1996)
26. Oregon         983 P.2d 1086 (Or. App. 1999)
27. Pennsylvania   2002 WL31015277 (Penn. Super. Aug. 28, 2002)
28. Rhode Island   1982 WL.604126 (R.I. Super. Nov. 26, 1982)
29. South Carolina 574 S.E.2d 502 (S.C. App. 2002)
30. South Dakota   605 N.W.2d 181 (S.D. 2000)
31. Tennessee      917 S.W.2d 674 (Tenn. App. 1995)
32. Utah           761 P.2d 951 (Utah. App. 1988)
33. Vermont        776 (A.2d 413 (Vt. 2001)
34. Virginia       2002 WL31990277 (Va. Cir. Ct. Sept., 19, 2002)
35. Washington     1999 WL350842 (Wash. App. June 1, 1999)
36. Wisconsin      654 N.W.2d 67 (Wis. App. 2002)
37. Wyoming:       60 P.3d 1277 (Wyo. 2003)
38. D of Columbus  682 A.2d 173 (D.C.App., 1996)

**EXHIBIT G**                    PAGE 2

## III. RESTITUTION AND NO ADEQUATE REMEDY AT LAW

**Elements:**

1. A benefit conferred upon the defendant by the plaintiff;
2. An appreciation or knowledge by the defendant of the benefit;
3. The acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value; and
4. No adequate remedy at law.

Alternate wording of same elements:
1. An enrichment;
2. An impoverishment;
3. A connection between the enrichment and the impoverishment; and
4. The absence of justification for the enrichment and the impoverishment; and
5. The absence of a legal remedy.

**States:**

1. Arkansas:      44 S.W.3d 740 (Ark.App. 2001); 46 Ark.App. 57 (Ark.App. 1994)
2. Arizona:       202 Ariz. 535, (Ariz.App. Div. 1, 2002)
3. Delaware       741 A.2d 377 (Del. 1999)
4. Georgia:       270 Ga. 136 (Ga. 1998).
5. Louisiana:     835 So.2d 713, (La. App. 2002)
6. North Dakota:  603 N.W.2d 891 (N.D. 1999).
7. North Carolina: 572 S.E.2d 200 (N.C. App. 2002)

## IV. WRONGFUL CONDUCT

**Elements:**
1. One party benefits from another.
2. By fraud, duress, or taking undue advantage.

**States:**
1. Alabama:       782 So.2d 260 (Ala. 2000)
2. Nebraska:      235 Neb. 508, (Neb., 1990)
3. Texas:         823 S.W.2d 39 (Tex. 1992)
4. West Virginia: 208 W.Va. 717, (W.Va., 2000)

The following states expand what constitutes wrongful conduct by defendant: element of misconduct or fault on defendant's part, defendant took advantage of plaintiff, wrongful acts, or passive acceptance of a benefit that would be unconscionable to retain.

5. Montana:       778 P.2d 879 (Mont. 1989)
6. New Hampshire: 389 A.2d 933 (N.H. 1978)

PAGE 3

**EXHIBIT G**