**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

MYSTIC THOMPSON, Individually
And On Behalf of All Others
Similarly Situated                                                                              PLAINTIFF

V.                                         4:07CV00017 JMM

BAYER CORPORATION;
BAYER HEALTHCARE, LLC                                                                 DEFENDANTS

**ORDER DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Pending is the Plaintiff's Motion for Class Certification. The Defendants have responded and both parties have filed replies. The Court has also considered the parties' oral arguments presented during the hearing held on October 20, 2008. At the request of the Court, Plaintiff has provided proposed jury instructions for the trial of this case. Again, Defendants have responded and the Plaintiff has replied. For the reasons set forth below, the Motion is DENIED.

I.      Background

Plaintiff alleges that the Defendants engaged in a false marketing scheme with regard to their product, One-A-Day Weight Smart vitamins ("Weight Smart"). According to Plaintiff, the Defendants claimed that Weight Smart increased the metabolism of people as they age. This claim was based on an ingredient in Weight Smart called ECGC from the extract of green tea. Plaintiff contends that there was no reliable scientific evidence to substantiate the increased metabolism claim. In fact, on January 28, 1991 the Federal Trade Commission ("FTC") ordered the Defendants to stop making representations about the benefits of One-A-Day products unless Defendants possessed and relied upon competent and reliable scientific evidence to substantiate the representation. (Ex. 4 to Pl's Motion for Class Cert.) On January 3, 2007, the FTC filed suit

against the Bayer Corporation for violation of the 1991 Order.  The Complaint stated that on numerous occasions beginning in January 2003 Bayer disseminated advertising about the benefits of Weight Smart without possessing or relying upon competent and reliable evidence. *Id.*  As a result, the Defendants were fined $3.2 million by the FTC.

Plaintiff's cause of action on behalf of herself and the putative class rests on Defendants' alleged uniform false and misleading statements about Weight Smart.  Plaintiff claims that the Defendants were unjustly enriched by the sale of Weight Smart.  Plaintiff and the putative class members purchased the product which did not possess the qualities represented to the public and they are entitled to restitution, damages, and a permanent injunction enjoining Defendants from further wrongful conduct with regard to Weight Smart.   (Third Amended Complaint).

Plaintiff seeks certification of the following multi-state class:

> All persons who purchased One-A-Day Weight Smart from December 1, 2003 up through January 4, 2007, the date Defendants entered the Consent Judgment with the FTC to stop all marketing claiming the pill enhanced metabolism and aided weight loss. Excluded from this Class are all officers, directors, and employees of the Defendants and its subsidiaries, along with any currently sitting Federal Judge or their staff in this case or potential appellate justice and any person within the third degree of consanguinity to the judge or justice.  Further excluded is any person claiming personal injury or damage beyond that specifically claimed in this motion.

In the alternative, Plaintiff seeks to certify a class action for the State of Arkansas for the injuries suffered by Arkansas citizens in the purchase of Weight Smart.  *Id.*

      II.     Choice of Law Analysis

Because Plaintiff seeks to certify a nationwide class to pursue a common law claim, the Court must first consider choice-of-law principles.  Plaintiff urges the Court to look at *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797 (1985)("*Shutts*") and *Sun Oil Co. v. Wortman,* 486 U.S. 717 (1988)*("Wortman")* as authority for her argument that the law of Arkansas does not conflict

with other states and is sufficient for use in a nationwide unjust enrichment class action. In *Shutts*, gas royalty owners filed suit against Phillips Petroleum Company ("Phillips") seeking interest payments on their suspended royalties which Phillips had possessed pending Commission approval of gas price increases. The suit was filed in Kansas. The Kansas court certified a class of 33,000 royalty owners who had royalties suspended by Phillips. Less than 1,000 class members resided in Kansas and less than 1% of the gas leases involved were on Kansas land. However, the trial court applied Kansas law to the claims of all class members.

The United States Supreme Court found that the Kansas court erred by failing to conduct a conflict of law analysis. The Court stated:

> Kansas must have a 'significant contact or significant aggregation of contacts' to the claims asserted by each member of the plaintiff class, contacts 'creating state interests,' in order to ensure that the choice of Kansas law is not arbitrary or unfair. Given Kansas' lack of 'interest' in claims unrelated to that State, and the substantive conflict with jurisdictions such as Texas, we conclude that application of Kansas law to every claim in this case is sufficiently arbitrary and unfair as to exceed constitutional limits.

*Shutts*, 472 U.S. at 821-22 (quoting *Allstate Ins. Co. v. Hague,* 449 U.S. 302, 312-13 (1981)).

The facts of *Wortman* are similar and intertwined. In *Wortman*, gas royalty owners filed suit in Kansas seeking interest on suspended royalty payments. The Kansas court applied Kansas law to all claims even those related to leases in other states brought by citizens of other states. The United States Supreme Court vacated and remanded *Wortman* for reconsideration in light of the Court's ruling in *Shutts*. On remand, the trial court held that the other states' substantive legal rules were consistent with those of Kansas. Thus, while applying the laws of the other states, the Court came to the same conclusion as it did under Kansas law. The Kansas Supreme Court affirmed.

On appeal to the U.S. Supreme Court, Sun Oil argued that the Kansas Supreme Court had

"unconstitutionally distorted" Texas, Oklahoma, and Louisiana law and applied this distorted law in *Wortman*. *Wortman*, 486 U.S. at 730. In other words, Sun Oil argued that when the Kansas court went back and applied the substantive laws of those states, the court applied the laws incorrectly. The Supreme Court disagreed and explained:

> To constitute a violation of the Full Faith and Credit Clause or the Due Process Clause, it is not enough that a state court misconstrue the law of another State. Rather, our cases make plain that the misconstruction must contradict law of the other State that is clearly established and that has been brought to the court's attention.

Plaintiff argues that this language from *Wortman* proves (1) that it is the Defendant's burden to show a conflict of law exists and (2) it is not a conflict unless the law of the other State is "clearly established and has been brought to the court's attention." The Court disagrees. The *Wortman* analysis applies only when considering whether the court applied another State's law incorrectly. For example, this analysis would apply if this Court were to apply Alabama law to some of the class claims and the Defendant appealed the Court's decision on the basis that the Court misconstrued Alabama law. Pursuant to *Wortman*, the Defendant would have to prove that the Court misapplied Alabama law so completely that the Court applied a "contradictory" law, that Alabama's law was clearly established, and that the parties had brought this to the Court's attention. The *Wortman* analysis does not apply to the instant case at this point in the litigation.

At this stage, the Court must determine under *Shutts* whether Arkansas has a 'significant contact or significant aggregation of contacts' to the claims asserted by each member of the Plaintiff's purported class, contacts 'creating state interest,' in order to ensure that the choice of Arkansas law is not arbitrary or unfair. The Court finds that Arkansas does not have the requisite contacts with out-of-state members' claims.

4

The next step, therefore, is to determine whether Arkansas's law conflicts in any material way with any other law which could apply. There is, of course, no constitutional injury to out-of-state plaintiffs in applying Arkansas law unless Arkansas law is in conflict with the laws of the other states. *Shutts,* 472 U.S. at 816 (1985).

Again, relying on *Shutts* and *Wortman*, Plaintiff submits that there is no conflict between the State of Arkansas's law of unjust enrichment and the laws of the other 50 states, including the District of Columbia. Plaintiff contends that there are a few nuanced variations in unjust enrichment law in the 50 states, but the policy and purpose are uniform. In support of her argument, Plaintiff has submitted a nationwide review of the law of unjust enrichment (Ex. G to the Motion for Class Cert.) and proposed jury instructions (Docket # 113).

In response, the Defendants have also submitted a nationwide review of the law of unjust enrichment. (Docket # 120)  The Defendant contends that there are actual conflicts in this area of the law and, therefore, the Court should reject the application of unjust enrichment laws to a nationwide class as the Court did in *Shutts*.

Plaintiff claims that, in general, the elements of unjust enrichment are as follows:

1. Defendant must have received something of value;

2. Defendant, in good conscience, is not entitled to the benefit.

(Pl's Proposed Jury Inst. at p. 3). Plaintiff acknowledges, however, that there are three different approaches taken by the states to unjust enrichment claims:

> 1) Restitution: those that follow a restitution approach where a plaintiff must show that a defendant accepted and used a benefit bestowed upon the defendant by the plaintiff, which benefit would be inequitable to retain;
>
> 2) Restitution Plus: those that follow the restitution approach but also require that there be no adequate remedy at law;

      3) Wrongful Acts: those that require a plaintiff to show that the defendant benefitted from the plaintiff through fraud, duress, misconduct, wrongful acts or taking undue advantage.

*See* Pl.'s Ex. G. According to Plaintiff, the Restitution approach is followed by 37 states, the Restitution Plus approach is followed by seven states, and the Wrongful Acts approach is followed by six states.

After an extensive review of the law, the Court finds that the states' different approaches to, or elements of, unjust enrichment are significant. Some of the most troublesome differences are those recognized by the Plaintiff, *i.e.*, the disparity in proof required to prove an enrichment was "unjust or wrongful" and the requirement by some states that there be no adequate remedy at law. However, these are not the only conflicts that exist in this area of the law. There are other differences that the Plaintiff has not included in this list including, the direct and indirect benefit elements of unjust enrichment.

    A.    <u>Conflicts</u>

    1.    Wrongful Conduct

Courts in Arkansas do not require a tortious, illegal or fraudulent act by the defendant to prove unjust enrichment. *Frigillana v. Frigillana*, 584 S.W.2d 30 (Ark. 1979). "Unjust enrichment does not require a wrongful act by the party enriched. Even an innocent defendant is subject to an unjust enrichment claim brought by a more deserving party." Howard W. Brill, Law of Damages, § 31:2 (5th ed. 2004)(citing *Malone v. Hines*, 822 S.W.2d 394 (Ark. App. 1992); *Orsini v. Commercial National Bank*, 639 S.W.2d 516 (Ark. App. 1982)). In other words, Arkansas plaintiffs do not have to prove any misconduct on the part of the defendant in an unjust enrichment action.

In contrast, Montana courts require a showing of misconduct or fault on the part of the defendant to recover under an unjust enrichment theory. "Unjust enrichment is an equitable doctrine wherein the plaintiff must show some element of misconduct or fault on the part of defendant, or that the defendant somehow took advantage of the plaintiff." *Randolph V. Peterson, Inc. v. J.R. Simplot Co.,* 778 P.2d 879, 883 (Mont. 1989)(citing *Brown v. Thornton,* 432 P.2d 386, 390 (Mont. 1967)). *See also Hayes Mechanical, Inc. v. First Industrial, L.P.,*351 Ill App. 3d 1, 12 (Ill App. 1st Dist. 2004)("[I]njustice involves some form of improper conduct by the party to be charged."); *National Employment Service Corp. v. Olsten Staffing Service, Inc*., 761 A.2d 401, 406-07 (N.H. 2000)("Because . . . Olsten did not act wrongfully . . ., the facts do not support a finding of unjust enrichment.")

Alabama courts have an even higher standard for defendant's conduct. Alabama courts require unconscionable conduct on the part of the defendant in order to make a claim for unjust enrichment. The Alabama Supreme Court concluded that the retention of a benefit is unjust if "(1) the donor of the benefit . . . acted under a mistake of fact or in misreliance on a right or duty, or (2) the recipient of the benefit . . . engaged in some unconscionable conduct, such as fraud, coercion, or abuse of a confidential relationship. In the absence of mistake or misreliance by the donor or wrongful conduct by the recipient, the recipient may have been enriched, but he is not deemed to have been *unjustly* enriched." *Mantiply v. Mantiply*, 951 So.2d 638, 654-55 (Ala. 2006)(quoting *Welch v. Montgomery Eye Physicians, P.C.,* 891 So.2d 837, 843 (Ala. 2004))(emphasis in original)). *See also Burlington Northern R. Co. v. Southwestern Elec. Power Co.,* 925 S.W.2d 92, 97 (Tex. App. 1996)("Unjust enrichment is typically found under circumstances in which one person has obtained a benefit from another by fraud, duress, or the

taking of an undue advantage."); *ServiceMaster of St. Cloud v. GAB Business Services, Inc.,* 544 N.W.2d 302, 306 (Minn. 1996)("[I]t must be shown that a party was unjustly enriched in the sense that the term 'unjustly' could mean illegally or unlawfully."); *Haggard Drilling, Inc. v. Greene,* 236 N.W.2d 841 (Neb. 1975)(fraud, misrepresentation, or other wrongful conduct required on the part of the defendant to prove unjust enrichment); *DCB Const. Co., Inc. v. Central City Development Co.,* 965 P.2d 115, 117 (Colo. 1998)("[F]or the enrichment to the landlord to be unjust and therefore actionable, the contractor must show some improper, deceitful, or misleading conduct by the landlord."); *Barker v. Dicicco ,* 2002 WL 31956978, 1(Mich. App. 2002)("proof of coercion or mistake to recover on unjust enrichment grounds."); *Qualichem v. Xelera, Inc.,* 2003 WL 23162331, 3 (Va. Cir.Ct. 2003)("claims of unjust enrichment based on quasi-contract have been limited by the appellate courts of the Commonwealth to those arising from: money paid by mistake; failed consideration; money got through imposition; extortion; oppression; or any other undue advantage taken of the claiming party's situation, where the advantage is contrary to laws made for the protection of persons under those circumstances."). The misconduct element of unjust enrichment in these states is in direct conflict with the unjust enrichment law of Arkansas.

    2.    Direct vs. Indirect Purchaser Requirements

In Arkansas, although the enrichment to the defendant must be at the expense of the plaintiff, the enrichment need not come *directly* from the plaintiff. The enrichment may come from a third party. *Smith v. Whitener*, 856 S.W.2d 328, 330 (Ark. App. 1993)(citing *Patton v. Brown-Moore Lumber Co.,* 292 S.W. 383 (1927)). In North Dakota, however, the doctrine of unjust enrichment appears to apply only "if another 'has, without justification, obtained a benefit

at the *direct expense* of the [plaintiff].'" *Apache Corp. v. MDU Resources Group, Inc.,* 603 N.W.2d 891, 895 (N.D. 1999)(quoting *Midland Diesel Serv. & Engine Co. v. Sivertson*, 307 N.W. 2d 555, 557 (N.D. 1981)). North Carolina courts also require a "direct benefit" to the defendant from the plaintiff as an element of unjust enrichment. *Effler v. Pyles*, 380 S.E.2d 149 (N.C. App. 1989). *See Sperry v. Crompton Corp.*, 26 A.D.3d 488, 489 (N.Y.A.D. 2 Dept. 2006)("Because the plaintiff was not in privity with the defendants, the plaintiff cannot maintain an action against them to recover damages for unjust enrichment."); *Powers v. Lycoming Engines*, 245 F.R.D. 226, 232 (E.D. Pa. 2007)(noting that Florida, Idaho and Ohio preclude indirect purchasers from asserting claims for unjust enrichment).

The direct/indirect purchaser element is likely to be significant in this case since few, if any, of the plaintiffs purchased Weight Smart directly from Bayer. In other words, plaintiffs from Arkansas would not be required to prove that Bayer obtained a "direct benefit" from a plaintiff, while plaintiffs from other jurisdictions would be required to make such a showing.

     3.    Adequate Remedy at Law

In addition, some states do not allow an unjust enrichment claim to survive if there is an adequate remedy at law. *See Trustmark Ins. Co. v. Bank One, Arizone, N.A.,* 48 P.3d 485 (Ariz. App. Div. 1 2002); *Ramona Manor Convalescent Hosp. v. Care Enters.,* 225 Cal. Rptr. 120 (Cal. App.4 Dist. 1986); *Porter v. Hu*, 169 P.3d 994 (Haw. App. 2007); *Jackson Nat'l Life Ins. Co. v. Kennedy,* 741 A.2d 377 (Del. Ch. 1999); *Mannos v. Moss*, 155 P.3d 1166 (Idaho 2007); *Guinn v. Hoskins Chevrolet,* 836 N.E.2d 681 (Ill. App. 2005); *Kilpatrick v. Kilpatrick,* 660 So.2d 182 (La. App. 1995); *Santagate v. Tower,* 833 N.E. 2d 171 (Mass. App. 2005); *Servicemaster of St. Cloud v. GAB Business Servs.,* 544 N.W.2d 302, 305 (Minn. 1996); *Tolbert v. Southgate Timber Co.,*

9

943 So.2d 90 (Miss. App. 2006); *Bennett v. Crane,* 289 S.W. 26 (Mo. App. 1926); *Featherstonhaugh v. Roemer,* 719 N.Y.S.2d 612 (2001); *Schroeder v. Buchholz,* 622 N.W.2d 202 (N.D. 2001); *Harvell v. Goodyear Tire and Rubber Co.,* 164 P.3d 1028 (Okla. 2006); *Am. Towers Owners Ass'n. Inc. v. CCI Mech.,* 930 P.2d 1182 (Utah 1996); *Seattle Prof'l Eng'g Employees Ass'n v. Boeing Co.,* 991 P.2d 1126 (Wash. 2000).  Arkansas does not have such a requirement

> [V]ariances exist in state common laws of unjust enrichment. The actual definition of 'unjust enrichment' varies from state to state.  Some states do not specify the misconduct necessary to proceed, while others require that the misconduct include dishonesty or fraud.  Other states only allow a claim of unjust enrichment when no adequate legal remedy exists.  Many states, but not all, permit an equitable defense of unclean hands.  Those states that permit a defense of unclean hands vary significantly in the requirements necessary to establish the defense.

*Clay v. American Tobacco Co.*, 188 F.R.D. 483, 501 (S.D.Ill.1999) (internal citation omitted). "[U]njust enrichment is a tricky type of claim that can have varying interpretations even by courts within the same state, let alone among the fifty states." *In re Sears, Roebuck & Co.*, 2006 WL 3754823 at *1 n. 3 (N.D.Ill. 2006). For these reasons, the Court also finds there are material conflicts between the unjust enrichment law of Arkansas and the other states.

    III.    <u>Rule 23 Class Certification Standard</u>

To be certified as a class, a plaintiff has the burden of showing that all of the requirements of Rule 23(a) are met.  *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994).  Rule 23(a) provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if :  (1) the class is so numerous that joinder of all members is impractical;" (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class;

and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R.Civ. P. 23(a)).  These requirement are commonly referred to as: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation.

In addition to the requirements of Rule 23(a), Plaintiff must also show that her claims fall within one of the categories of Rule 23(b).  Plaintiff seeks to certify her class under Rule 23(b)(3), the so-called "common question" or "damages" class action. To certify a class action under Rule 23(b)(3), the Court must find that: 1) common questions predominate over any questions affecting only individual members; and 2) class resolution is superior to other available methods for the fair and efficient adjudication of the controversy.  *Blades v. Monsanto Co.,* 400 F.3d 562, 568-569 (8th Cir. 2005)(citing Fed. R.Civ.P. 23(b)(3); *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 615(1997)).  Although a rigorous Rule 23 analysis must be conducted before certifying a class, district courts have broad discretion in determining a motion for class certification.  *Spence v. Glock, Ges.m.b.H,* 227 F.3d 308, 310 (5th Cir. 2000).  The determination that Arkansas law cannot apply to the claims of the entire class "pervades every element of FRCP 23." *In re Prempro*, 230 F.R.D. 555, 561 (E.D. Ark. 2005).

Because the Court finds it determinative, a discussion of the requirements of Rule 23(b)(3) is all that is necessary.  The focus of Rule 23(b)(3) is that common issues predominate over individual issues and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.  "To satisfy the 'predominance' standard, plaintiffs must show that [their claims] can be proven on a systematic, class-wide basis." *In re Prempro*, 230 F.R.D. at 566 (quoting *Blades v. Monsanto Co.*, 400 F.3d 562, 569 (8th Cir. 2005).  This requirement "tests whether the proposed classes are sufficiently cohesive to warrant adjudication

by representation." *Amchem*, 521 U.S. at 623-24. As explained in the discussion of conflicts of law, plaintiffs will be required to present different evidence to prove a prima facie case of unjust enrichment depending on their state of citizenship. Evidence regarding the Defendant's conduct, the direct or indirect benefit to the Defendant, and adequate remedies at law which may be available to the plaintiff cannot be presented on a systematic, class-wide basis.

In determining whether a class action is the superior method for adjudicating the claims before it, the Court must look at four factors: the class members' interest in individually controlling their separate actions; the extent and nature of existing litigation by class members concerning the same claims; the desirability of concentrating the litigation in the particular forum; and the likely difficulties in the management of a class action. Fed.R.Civ.R. 23(b)(3). Although Plaintiff insists that the management of this class action is possible, the difficulties in protecting the "integrity of the law of each state" overwhelms any judicial economy which might be attained. *In re Prempro*, 230 F.R.D. at 563.

After considering the variations in unjust enrichment laws, the Court finds that Plaintiff has failed to satisfy the superiority and predominance requirements of Rule 23(b)(3). *Compare Clay v. American Tobacco Co.*, 188 F.R.D. 483, 501("claim of unjust enrichment is packed with individual issues and would be unmanageable"); *In re American Medical Systems, Inc.*, 75 F.3d 1069, 1085 (6th Cir. 1996)("If more than a few of the laws of the fifty states differ, the district judge would face an impossible task of instructing a jury on the relevant law, yet another reason why class certification would not be the appropriate course of action."); *In re Conagra Peanut Butter Products* Liability, 251 F.R.D. 689 (N.D. Ga. 2008)("This morass is useful to establish not only the lack of uniformity of unjust enrichment claims across the country, but also the

inferiority of class-wide resolution due to discerning the many differing legal standards.");
*Siegel v. Shell Oil Co.,* 2008 WL 4378399, 6 (N.D. Ill. 2008). Accordingly, the Court, in its discretion, denies Plaintiffs' Motion for Class Certification of a nationwide class.

    IV.    <u>Alternative Class Action</u>

In the alternative, Plaintiff states that if the nationwide class is not certified by the Court "a class action is appropriate for all states where Defendants failed to establish any conflict between the laws of those states and the State of Arkansas law of unjust enrichment is applicable." (Third Amended Complaint at p. 11). Plaintiff further contends that "a class action for the State of Arkansas is appropriate for the injuries suffered by Arkansas citizens in the purchase of One-A-Day WeightSmart." *Id.* Because the parties have focused their energies on the motion for nationwide class certification, there has been little evidence or argument regarding an alternative class. The Court finds that the Plaintiff has failed to adequately brief the issues involved in certification of an alternative class. As an initial matter, the record does not include class definitions for any alternative class or any information regarding numerosity. Therefore, the motion for class certification of an alternative class is denied without prejudice to Plaintiff's right to re-file the motion. If Plaintiff intends to pursue an alternative class, the motion to certify must be filed with the Court within thirty (30) days.

    V.    <u>Conclusion</u>

In conclusion, Plaintiff's Motion for Class Certification (Docket # 81 and # 86) is DENIED as to the nationwide class. The motion for class certification of an alternative class is denied without prejudice to Plaintiff's right to re-file the motion. If Plaintiff intends to pursue an alternative class, the motion to certify must be filed with the Court within thirty (30) days.

IT IS SO ORDERED this 12th day of February 2009.

_____
James M. Moody
United States District Judge