IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MYSTIC THOMPSON, Individually
And On Behalf of All Others
Similarly Situated                                                                PLAINTIFF

V.                                    4:07CV00017 JMM

BAYER CORPORATION;
BAYER HEALTHCARE, LLC                                                DEFENDANTS

### ORDER DENYING CLASS CERTIFICATION

Pending is Plaintiff's Motion for Class Certification of an Arkansas State Class. The Defendants have responded to the motion and the Plaintiff has replied. For the reasons set forth below, the Motion is DENIED.

I. Background

Plaintiff alleges that the Defendants engaged in a false marketing scheme with regard to their product, One-A-Day WeightSmart vitamins ("WeightSmart"). According to Plaintiff, the Defendants claimed that WeightSmart increased the metabolism of people as they age. On January 28, 1991 the Federal Trade Commission ("FTC") ordered the Defendants to stop making representations about the benefits of One-A-Day products unless Defendants possessed and relied upon competent and reliable scientific evidence to substantiate the representation. (Ex. 4 to Pl's Motion for Class Cert.)  On January 3, 2007, the FTC filed suit against the Bayer Corporation for violation of the 1991 Order. The Complaint stated that on numerous occasions beginning in January 2003 Bayer disseminated advertising about the benefits of WeightSmart without possessing or relying upon competent and reliable evidence. *Id.*  As a result, the Defendants were fined $3.2 million by the FTC.

Plaintiff's cause of action on behalf of herself and the putative class rests on Defendants'

alleged uniform false and misleading statements about Weight Smart. Plaintiff claims that the Defendants were unjustly enriched by the sale of Weight Smart. Plaintiff and the putative class members purchased the product which did not possess the qualities represented to the public and they are entitled to restitution, damages, and a permanent injunction enjoining Defendants from further wrongful conduct with regard to Weight Smart. (Third Amended Complaint).

On February 12, 2009, the Court denied Plaintiff's motion to certify a nationwide class action. In the alternative, Plaintiff seeks certification of the following class:

> All residents and citizens of the State of Arkansas who purchased One-A-Day Weight Smart from December 1, 2003 up through January 4, 2007, the date Defendants entered the Consent Judgment with the FTC to stop all marketing claiming the pill enhanced metabolism. Excluded from this Class are all officers, directors, and employees of the Defendants and its subsidiaries, along with any currently sitting Federal Judge or their staff in this case or potential appellate justice and any person within the third degree of consanguinity to the judge or justice. Further excluded is any person claiming personal injury.

## II.  Rule 23 Class Certification Standard

To be certified as a class, a plaintiff has the burden of showing that all of the requirements of Rule 23(a) are met. *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994). Rule 23(a) provides:

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if : (1) the class is so numerous that joinder of all members is impractical;" (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R.Civ. P. 23(a)). These requirement are commonly referred to as: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation.

In addition to the requirements of Rule 23(a), Plaintiff must also show that her claims fall

within one of the categories of Rule 23(b). Plaintiff seeks to certify her class under Rule 23(b)(3), the so-called "common question" or "damages" class action. To certify a class action under Rule 23(b)(3), the Court must find that: 1) common questions predominate over any questions affecting only individual members; and 2) class resolution is superior to other available methods for the fair and efficient adjudication of the controversy. *Blades v. Monsanto Co.,* 400 F.3d 562, 568-569 (8th Cir. 2005)(citing Fed. R.Civ.P. 23(b)(3); *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 615(1997)).

A district court has broad discretion in determining a motion for class certification and should conduct a rigorous Rule 23 analysis before certifying a class. *Spence v. Glock, Ges.m.b.H,* 227 F.3d 308, 310 (5th Cir. 2000). Because the Court finds it determinative, a discussion of the requirements of Rule 23(b) is all that is necessary.

The focus of Rule 23(b)(3) is that common issues predominate over individual issues and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. "To satisfy the 'predominance' standard, plaintiffs must show that [their claims] can be proven on a systematic, class-wide basis." *In re Prempro*, 230 F.R.D. at 566 (quoting *Blades*, 400 F.3d at 569). This requirement "tests whether the proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 623-24. "Determining whether common issues predominate and the class action is superior requires consideration of the relevant claims, defenses, facts, and substantive law presented." *In re Prempro*, 230 F.R.D. at 566. "If, to make a prima facie showing on a given question, the members of a proposed class will need to present evidence that varies from member to member, then it is an individual question. If the same evidence will suffice for each member to make a

3

prima facie showing, then it becomes a common question." *Blades*, 400 F.3d at 566.

### III. Discussion

Plaintiff claims that there are no individual legal or factual issues involved in this litigation, let alone individual issues that predominate. Plaintiff contends that the Defendants' use of uniform marketing and advertising directly "contributed" to the purchase of Defendants' product by class members. Plaintiff argues that all class members share in an identical determination of damages resulting from Defendants' deceptive marketing schemes. Whether those damages are in the form of restitution, actual damages for the purchase, or return of monies by Defendants, Plaintiff contends that they do not rely on individual issues.

In order to find unjust enrichment under Arkansas law, "a party must have received something of value, to which he or she is not entitled and which he or she must restore." *R.K. Enterprises, LLC v. Pro-Comp Management, Inc*., 272 S.W.3d 85, 89 (Ark. 2008). Plaintiff claims that the Defendants received money from the Plaintiff for Plaintiff's purchase of WeightSmart and the Defendants were not entitled to the money because the vitamin did not provide all of the benefits which Bayer advertised. Therefore, Bayer was unjustly enriched.

At a minimum, Plaintiff must provide evidence that each class member saw the alleged false advertisements and subsequently purchased WeightSmart in order to prove that each class member is entitled to restitution. *Compare Clay v. American Tobacco Co.,* 188 F.R.D. 483, 500-01 (S.D.Ill., 1999)("[U]nder the unjust enrichment theory, there are individual questions with regard to whether the class members actually spent money on cigarettes, whether any of them are subject to equitable defenses, and whether the defendants' misconduct caused the particular illegal purchases.")). This evidence will have to be proven on an individual basis in order for the

individual plaintiff to recover. Thus, the Defendants' liability for unjust enrichment to a particular plaintiff depends on the factual circumstances of the particular purchase at issue. Therefore, the Court finds that the common issues of law and fact do not predominate over issues particular to each buyer of WeightSmart.

In addition, the amount of damages which should be awarded to each class member would be based upon individual issues, such as the expectation of the buyer, the retail price of WeightSmart, and whether the buyer used a coupon. For example, a class member who would not have purchased any multivitamin but for the alleged misrepresentation would necessarily have different damages than a class member who would have purchased a multivitamin regardless of any weight loss representation. The difficulties with calculating damages would be further expanded by the fact that Bayer published a number of coupons for WeightSmart during the relevant time period and the fact that different retailers may have charged different prices for WeightSmart. (Def.'s Ex. 3). The Court is also mindful that it would be a rare class member who retained the receipt for a WeightSmart purchase in order to make a more reliable damages calculation. Moreover, the fact that few people would retain any proof of purchase makes it unclear whether a class could be effectively ascertained. *See Benedict v. Altria Group, Inc.*, 241 F.R.D. 668, 680 (D.Kan., 2007)("Although the court finds this issue is not dispositive of the certification question, the court notes, as a practical matter, verifying who actually purchased light cigarettes in Kansas over the past three decades would be a very difficult task.")).

IV. Conclusion

For these reasons, Plaintiff's Motion for Class Certification of an Arkansas State Class (Docket # 124 and # 139) is DENIED.

IT IS SO ORDERED this 6th day of August, 2009.

                                                             _____
                                                             James M. Moody
                                                             United States District Judge